PEOPLE, PLAINTIFF AND APPELLEE, *v.* MAYAGÜEZ FRUIT PACKING
Co., DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in a Prosecution
for Violation of the Private Corporations Act.

No. 1044.—Decided July 11, 1916.

CORPORATION—PRIVATE CORPORATION—ANNUAL REPORT—DIRECTORS—CONTEMPT.—
When a corporation is charged with neglecting or failing to file in the office
of the Secretary of Porto Rico the report referred to in section 25 of the
Private Corporations Act of 1911, as amended in 1913, the names of its
directors should be inserted in the information; for, in the event of con-
viction, the court should know the names of its officers in order to compel
them to file the report under penalty of being adjudged in contempt.

ID.—PRELIMINARY PROCEEDINGS—INFORMATION.—There is no statutory provision
that an information charging a corporation with failure to comply with the
requirements of the law shall show that the preliminary proceedings pre-
scribed by sections 453 to 458 of the Code of Criminal Procedure had been
complied with. An information is sufficient when it charges clearly the
commission of a punishable offense.

ID.—DISTRICT ATTORNEY—ATTORNEY GENERAL.—As the district attorneys are
the assistants of the Attorney General and the law provides only that the
said official shall cause an action to be commenced against the corporation
without requiring that he shall prosecute the action, the district attorneys
may institute the same.

ID.—CRIMINAL ACTION—CIVIL OR ADMINISTRATIVE ACTION.—When a corporation
is charged with the violation of a duty imposed upon it by law, such as
the failure to file its report, which is punishable by fine upon conviction,
the action is of a criminal and not of a civil or administrative character.

ID.—DIRECTORS—LEGAL REPRESENTATIVES.—As the directors of a corporation are
its legal representatives, an information filed against a corporation is di-
rected against the persons who legally represent it.

The facts are stated in the opinion.

*Messrs. Feliú & Alemañy* and *José Sabater* for the appel-
lant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The following information was filed against the appellant
corporation, the Mayagüez Fruit Packing Company, in the
District Court of Mayagüez:

"The *fiscal* charges the Mayagüez Fruit Packing Company, a
private corporation domiciled in Mayagüez, composed of Juan Cancio

Ortiz, president; Leopoldo Felíu, secretary; William Falbe, treasurer; and José Roger Betancourt and José Roger Martínez, directors, with having committed a misdemeanor by violating section 25 of the Act to establish a Law of Private Corporations, as amended by Act No. 12 of March 10, 1913 (Laws of 1913, p. 56), as follows:

"That during the year 1915, and not later than March 15 thereof, and until January 28, 1916, the said private corporation, the Mayagüez Fruit Packing Company, which is duly organized and authorized to do business and operate in Porto Rico, with its domicile in Mayagüez, within the jurisdiction of the District Court for the Judicial District of Mayagüez, P. R., where it transacts the business for which it was created, the members thereof and particularly its president, Juan Cancio Ortiz, who is empowered to accept service of process and notices and to represent the said private corporation, have unlawfully and negligently failed to file in the office of the Secretary of Porto Rico and in the office of the Treasurer of Porto Rico from January 1 to March 15, 1915, an annual report authenticated by the signatures of its president and another officer or other directors of the corporation containing the information and fulfilling the requirements prescribed by section 25 of Act No. 30 of 1911, establishing a law of private corporations, as amended by Act No. 12 of March 10, 1913, which report the said private corporation, the Mayagüez Fruit Packing Company, has not yet filed notwithstanding that it has been notified to do so.

"This is contrary to the law in such case made and provided and against the peace and dignity of The People of Porto Rico. (Signed) Angel Acosta, District *Fiscal.*

"The foregoing information is based on the testimony of witnesses examined under oath, and the undersigned solemnly believes that there is just cause for bringing the same before the court. (Signed) Angel Acosta, District *Fiscal.*

"Subscribed and sworn to before me this third day of February, 1916. (Signed) Francisco Azúar, Secretary of the District Court."

The judgment appealed from found the said corporation guilty and sentenced it to pay a fine of $50 to The People of Porto Rico, together with the costs, and ordered that the directors and officers thereof, namely, Juan Cancio Ortiz, president; Leopoldo Felíu, secretary; William Falbe, Treasurer; José Roger Betancourt and José Roger Martínez,

directors, file the report in the office of the Secretary of Porto Rico within five days under the penalty of being punished for contempt of court in case of failure to do so; and it was further ordered that the secretary of the court should issue the necessary writs for the execution of the judgment.

The transcript of the record contains no statement of the case or bill of exceptions, for, as the appellant states, its appeal is not based on questions of evidence, but on a motion of the defendant that the court dismiss the prosecution for the following reasons:

"1. Because the facts alleged in the said information constitute no crime or act for which the defendants can be prosecuted and punished at law.

"2. Because the *fiscal* of this district has no authority, power, or capacity by operation of law to institute or prosecute this action.

"3. Because even though the facts alleged in the said information might give rise to some action, the action would never be of a criminal nature.

"4. Because any right of action which The People of Porto Rico might have by reason of the facts set up in the information had already prescribed."

In its brief the appellant contends that the lower court committed the following errors:

"1. That the court erred in overruling our motion for dismissal of the prosecution;

"2. That the court erred in finding the defendant guilty of the alleged crime charged in the information;

"3. That the court erred in sentencing the defendant to pay a fine of $50;

"4. That the court also erred in adjudging that Juan Cancio Ortiz, Leopoldo Felíu, William Falbe, José Roger Betancourt and José Roger Martínez, directors of the defendant corporation, should file in the office of the Secretary of Porto Rico, within five days, the report alluded to in the judgment;

"5. That the court also erred in imposing the costs upon the defendant."

In discussing the said assignments of error it is con-

tended with regard to the failure of the court to sustain the motion for dismissal of the action that the facts alleged in the information do not constitute a crime or a punishable act, because the members of the corporation, and more particularly its president, Juan Cancio Ortiz, are charged directly with the violation of the statute and that according to law the only person liable is the corporation, as an artificial person, because it is required to file said reports and not the directors, who are only required to sign them and comply with the other legal requirements. However, the information is directed against the corporation and the corporation is sentenced to pay the fine. It was convenient to insert the names of the directors in the information, for, if the offense were proved, the judge should know who compose the corporation in order to compel them to file the reports under penalty of being adjudged in contempt, as prescribed by law.

It is also contended that the information is insufficient because it does not state that the provisions of sections 453 to 458 of the Code of Criminal Procedure have been complied with. The said sections refer to the preliminary steps to be taken before filing informations against corporations, but there is no provision that the information shall show that such steps were taken. An information is good when it charges clearly the commission of a punishable offense.

As to the second ground of the motion, as the law requires the Attorney General to cause an action to be brought against the corporation, but does not provide that he shall bring such action himself, and as the district *fiscals* are the assistants of the said functionary, we may presume that the information was filed by his order.

It was contended in the third assignment of error that, although the facts might give rise to an action, such action would not be of a penal, but of a civil or administrative, nature.

As the information charges the non-performance of a duty imposed by the Law of Corporations which is punishable by a fine upon conviction, we are of the opinion that the offense is of a criminal character, bearing also in mind the interest of the community in having corporations make certain reports in order to protect the interests of all its members.

As to the fourth ground of the motion, or prescription, the brief is silent.

Therefore, as the information is sufficient the lower court did not err in rendering a judgment of conviction based thereon.

Nor did the court err in adjudging that the directors should file the report required by law, which error is assigned by the appellants on the ground that such order could not be made against them because the information was filed against the corporation only.

Aside from the fact that the president appeared at the trial, as the directors of a corporation are its legal representatives, an information directed against the corporation is directed undoubtedly against the persons who lawfully represent it, and therefore it cannot be held that the court had no jurisdiction over them as such directors to compel them to comply with the duties of their offices.

Finally, error is alleged in the imposition of the costs. We need only remark that the costs were imposed on the corporation and the judgment being sustained, the award of costs was proper.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.